NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5321
_____

UNITED STATES OF AMERICA

v.

JOSH WHITE,
                             Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00786)
District Judge: Hon. J. Curtis Joyner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 12, 2010

Before: FUENTES, ALDISERT, AND ROTH, Circuit Judges.

(Opinion Filed: August 5, 2010)
_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge.

Appellant Josh White was charged with possession of a firearm by a convicted

felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). White pled guilty and entered

into a plea agreement in which he waived his right to appeal or collaterally challenge his conviction except under certain circumstances. Based on three prior convictions, the District Court classified White as an armed career offender and imposed the mandatory minimum sentence of fifteen years. White raises two issues on appeal. First, he argues that he was incorrectly advised to plead guilty as an armed career criminal and, as such, his trial counsel was inadequate. Second, he contends that, because he had deficient representation at trial, his waiver was invalid. For the reasons that follow, we will enforce White's waiver, thereby affirming the judgment of the District Court.

I.

Because we write primarily for the parties, we discuss the facts and proceedings only to the extent necessary for the resolution of this case. On February 5, 2003, two police officers responded to a reported car accident in Darby, Pennsylvania, in which a car had crashed into an iron fence. White was in the driver's seat. Disconcerted and heavily intoxicated, White was still attempting to drive away from the scene when the officers arrived. The police officers pulled White out of the car and found a handgun in his waistband. Because White had three previous felony convictions for violent crimes and drug trafficking offenses, he was charged with unlawful possession of a firearm by a convicted felon pursuant to 18 U.S.C. §§ 922(g) and 924(e).

White entered into a guilty plea agreement with the Government, in which he waived his right to appeal or collaterally challenge his conviction and sentence except in limited circumstances not applicable to this appeal. The Presentence Report ("PSR")

-2-

confirmed that White had three prior state convictions: two for robbery offenses and one for a drug trafficking offense. As a result, White was classified as an armed career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and faced a mandatory minimum sentence of fifteen years. White did not object to the criminal history calculation or his classification as a career offender. The District Court imposed the minimum fifteen-year sentence and recommended that it run concurrently with a state-court sentence that White was already serving.

Instead of filing a direct appeal, White filed a motion for collateral relief under 28 U.S.C. § 2255. He argued that, because his prior drug conviction did not constitute a serious drug offense under the ACCA, his counsel was ineffective in advising him to plead guilty as an armed career offender and the plea agreement was thereby invalid. The Government moved to dismiss White's motion, claiming that it violated his waiver of appeal. The District Court granted the Government's motion and, thereafter, White filed this appeal.

## II.

We have held that "waivers of appeals . . . are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Although various factors can contribute to creating a miscarriage of justice, the most relevant consideration in this case is whether White suffered from ineffective assistance of counsel. *See United States v. Shedrick*, 493 F.3d 292, 298 (3d Cir. 2007) ("Enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the

defendant] from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice.").

White asserts that his counsel was ineffective because he should have known that White's prior drug conviction did not qualify as a "serious drug offense," which is defined as a "[drug] offense under State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). White was arrested in 1986 for distribution of cocaine, and in 1987 pled guilty to charges of criminal conspiracy, manufacturing, delivering, or possessing with intent to manufacture and deliver a controlled substance, and knowingly possessing a controlled substance, in violation of Pennsylvania Consolidated Statutes Annotated § 780-113(a)(16) and (30). White argues that, during this time period, the maximum sentence for possession with intent to deliver under Pennsylvania state law was seven years.

The statutory record does not coincide with his assertion, as the statutory maximum sentence for the delivery offense at the time of his arrest in 1986 was ten years. S.B. 924, 1983 Gen. Assem., Reg. Sess. (Pa. 1983); S.B. 803, 1985 Gen. Assem., Reg. Sess. (Pa. 1985). The maximum penalty was the same in 1987 when he pled guilty. S.B. 1140, 1986 Gen. Assem., Reg. Sess. (Pa. 1986). Indeed, the statutory maximum term of imprisonment for this offense has been ten years at all relevant times in this case. Accordingly, as White's drug conviction constituted a serious drug offense under the ACCA, his counsel was not deficient in advising him to plead guilty as an armed career criminal. Because there was no ineffective assistance of counsel, enforcing White's

waiver would not work a miscarriage of justice. Thus, in light of White's knowing and voluntary waiver and our conclusion that he has not shown a miscarriage of justice, we will enforce the waiver, thereby affirming the District Court's judgment.

**III.**

For the foregoing reasons, we affirm the District Court's judgment dismissing White's § 2255 motion.